IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY SHEPHERD, | ) |
| Plaintiff, | ) |
| v. | ) 13 C 8 |
| AMERICAN NUMISMATIC ASSOCIATION, INC., RONALD SIRNA, THOMAS HALLENBECK, KIMBERLY KIICK, JAY BEETON, and J.P. MARTIN, | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Shepherd filed suit against defendants American Numismatic Association, Inc. ("ANA") and Ronald Sirna in the Circuit Court of Cook County on August 14, 2012. ANA and Sirna removed Shepherd's action to this Court on January 2, 2013. Shepherd filed his First Amended Complaint on May 24, 2013, and added Jay Beeton, Thomas Hallenbeck, Kimberly Kiick, and J.P. Martin as defendants.

Shepherd alleges: (1) defamation per se against ANA, Beeton, and Kiick (Count I); (2) retaliatory discharge against ANA (Count II); (3) a violation of 18 U.S.C. § 1962(c) against Hallenbeck and Martin (Count III); and (4) tortious interference with business relations against Sirna (Count IV), Hallenbeck (Count V), Kiick (Count VI), Beeton (Count VII), and Martin (Count VIII). Each defendant has moved to dismiss for improper venue or, alternatively, to transfer this case to the United States District Court for the District of Colorado.[1] In addition,

---

[1] Sirna moved to dismiss for improper venue or, alternatively, to transfer (Dkt. No. 46); ANA moved to transfer (Dkt. No. 52); Hallenbeck moved to dismiss for improper venue or,

1

Beeton and Kiick have moved to dismiss Count I, which alleges defamation per se, as time barred. This Court denies all of the defendants' motions to dismiss for improper venue and grants all of the defendants' motions to transfer. This Court will not decide Beeton and Kiick's motion to dismiss Count I in light of its transfer to the District of Colorado.

## **BACKGROUND**

This Court takes the following allegations from Shepherd's First Amended Complaint. (Dkt. No. 33.)

Shepherd is a Colorado citizen who served as ANA's executive director from August 2008 to August 2011. (Dkt. No. 33 ¶4.) ANA is a nonprofit corporation organized under the laws of the District of Columbia with a principal place of business in Colorado Springs, Colorado. (Dkt. No. 33 ¶5.) Sirna is a Michigan citizen who served as ANA's general counsel during Shepherd's tenure at ANA. (Dkt. No. 33 ¶6.) Hallenbeck is a Colorado citizen who was a member of ANA's board during Shepherd's tenure at ANA. (Dkt. No. 33 ¶7.) He became Vice President of the board in August 2009 and President of the board in August 2011. (*Id.*) Kiick is a Colorado citizen who served as a senior operations manager at ANA during the majority of Shepherd's tenure at ANA. (Dkt. No. 33 ¶8.) She became ANA's executive director in May 2013. (*Id.*) Beeton is a Colorado citizen who served as ANA's director of marketing during Shepherd's tenure. (Dkt. No. 33 ¶9.) Martin is a Colorado citizen who was a member of ANA's board between August 2009 and August 2011. (Dkt. No. 33 ¶10.)

ANA's mission is to encourage the study and collection of money and related items. (Dkt. No. 33 ¶5.) Its principal place of business and its museum are in Colorado Springs,

---

alternatively, to transfer (Dkt. No. 59); Beeton and Kiick moved to dismiss for improper venue, to dismiss Count I (defamation) as time-barred, or, alternatively, to transfer (Dkt. No. 60); and Martin moved to dismiss for improper venue, or, alternatively, to transfer (Dkt. No. 90).

Colorado. (*Id.*) Shepherd took control of ANA in March 2008 when ANA was on the verge of bankruptcy. (Dkt. No. 33 ¶17.) Shepherd balanced ANA's budget and ended fiscal years 2008, 2009, and 2010 in the black. (*Id.*) Shepherd also investigated thefts from ANA's museum that occurred prior to and during his tenure at ANA. (Dkt. No. 33 ¶¶33-39.) Hallenbeck and Martin attempted to undermine Shepherd's efforts to investigate thefts from ANA by opposing his investigations. (Dkt. No. 33 ¶¶33-39.)

Despite Shepherd's efforts to right ANA, ANA employees Kiick and Beeton constantly undermined Shepherd by spreading lies about him. (Dkt. No. 33 ¶¶21-26.) Kiick and Beeton authored a memorandum that they submitted to Sirna on August 8, 2011, that included many false allegations against Shepherd. (Dkt. No. 33 ¶26.) Sirna also undermined Shepherd by making false allegations against Shepherd. (Dkt. No. 33 ¶¶27-32.)

ANA held its signature event, its World's Fair of Money, in Rosemont, Illinois in August 2011. (Dkt. No. 33 ¶42.) Sirna distributed the memorandum Kiick and Beeton authored to the members of ANA's board at this convention. (Dkt. No. 33 ¶44.) ANA's board members passed the memorandum around to others at this convention. (Dkt. No. 33 ¶46.) Statements from the memorandum appeared on several popular numismatic websites soon after the convention. (*Id.*) ANA terminated Shepherd's employment at this convention. (Dkt. No. 33 ¶62.)

## **STANDARD OF REVIEW**

The plaintiff has the burden of establishing that venue is proper and must make a prima facie showing to that effect. *Adams v. Raintree Vacation Exchange, LLC*, 10 C 3264, 2011 WL 4538546, at *4 (N.D. Ill. Sept. 29, 2011) *aff'd*, 702 F.3d 436 (7th Cir. 2012) *cert. denied* 133 S. Ct. 2862 (2013). To determine whether venue is proper, a district court assumes that the complaint's allegations are true. *Id.* Although a district court may look beyond the four corners

of the complaint and consider facts beyond those alleged, it must resolve any factual disputes in the plaintiff's favor. *Id.*

The party seeking transfer has the burden of establishing that the transferee court is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court must consider the statutory factors in light of all the circumstances of the case. *Coffey*, 796 F.2d at 219. The transfer determination is committed to "the sound discretion of the trial judge." *Id.* Transfer is appropriate if: (1) venue is proper in the transferor court; (2) venue and jurisdiction are proper in the transferee court; and (3) the transfer serves the convenience of the parties and witnesses and promotes the interest of justice. *FUL Inc. v. Unified School Dist. No. 204*, 839 F.Supp. 1307, 1310 (N.D. Ill. 1993). "With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The interest of justice inquiry, which relates to the efficient administration of the court system, considers docket congestion and likely speed to trial, each court's familiarity with the relevant law, the desirability of resolving the controversies in each locale, and the relationship of the community to the controversy. *Id.*

## DISCUSSION

### I. Venue is proper in the Northern District of Illinois because Shepherd alleges that defendants harmed him here.

Based on Shepherd's allegations, which this Court assumes are true, a substantial part of the acts that give rise to Shepherd's claims occurred in the Northern District of Illinois. Under 28

U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. To be "substantial," the events that occurred in the forum district must be a part of the historical predicate of the claim. *Master Tech Prods., Inc. v. Smith*, 181 F.Supp.2d 910, 914 (N.D. Ill. 2002). Shepherd alleges that defendants circulated the defamatory memorandum in this district and terminated his employment in this district. These allegations are sufficient to establish venue here in the Northern District of Illinois.

**II.     Transfer is proper because the District of Colorado is a more convenient forum as all parties have strong ties to Colorado and because statistics suggest that the District of Colorado will resolve this case sooner than this Court.**

**A.     Venue is also proper in the District of Colorado.**

Neither party disputes that venue is proper in the District of Colorado. Each of the defendants has moved to transfer this case there. And Shepherd concedes that venue is proper in both the Northern District of Illinois and in the District of Colorado. (*See*, *e.g.* Dkt. No. 65 at 2.)

**B.     The convenience of the parties favors transfer to the District of Colorado.**

In evaluating the convenience of the parties and witnesses, district courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Hanover Ins. Co. v. N. Bldg., Co.*, 891 F.Supp.2d 1019, 1025 (N.D. Ill. 2012).

Even though Shepherd chose to file his suit in Illinois, he is a Colorado citizen who was the executive director of an entity based in Colorado. This lessens any deference to Shepherd's choice of forum. *See Plotkin v. IP Axess, Inc.*, 168 F.Supp.2d 899, 902 (N.D.Ill.2001) ("where the plaintiffs' chosen forum is not the plaintiffs' home forum or lacks significant contact with the litigation, the plaintiffs' chosen forum is entitled to less deference").

Even though a substantial part of the events that give rise to Shepherd's claims took place in this district, at least an equally substantial part of the events that give rise to Shepherd's claims took place in the District of Colorado. Shepherd worked for ANA in Colorado, as did all of the individual defendants. Kiick, Beeton, and Sirna spread lies about and undermined Shepherd in Colorado. Kiick and Beeton drafted the memorandum that Sirna circulated at ANA's convention in Colorado. The thefts Shepherd investigated that not only serve as the factual predicate for Shepherd's lone federal claim but also led Hallenbeck and Martin to undermine Shepherd occurred in Colorado. These events took place in Colorado because that is where ANA, its business, and its employees are based. In contrast, the events that provide a basis for venue in the Northern District of Illinois took place here only because ANA's annual convention happened to be in Illinois.

Moreover, Shepherd and five of the six defendants reside in Colorado. The remaining defendant, former ANA employee Sirna, resides in Michigan but prefers Colorado to Illinois. ANA operates its museum in Colorado, which is its principal place of business. Because ANA's principal place of business is in Colorado, it follows that the majority of witnesses likely to have information about the events that give rise to Shepherd's claims also reside in Colorado. Indeed, ANA lists twenty-five current and former ANA employees as potential witnesses—all of whom reside in Colorado. (Dkt. 79 at 9.) Although Shepherd lists sixty-three potential witnesses who reside throughout the country, three of those witnesses live in Colorado and none live in Illinois. In the unlikely event that Shepherd deposes sixty-three witnesses, travel will be necessary. (Ex. A to Dkt. No. 65.) But transferring this case to Colorado will require less travel because three of Shepherd's potential witnesses and all of ANA's potential witnesses reside in Colorado.

Because nearly all of the parties reside in Colorado, a significant number of potential witnesses reside in Colorado, and a substantial part of the acts that give rise to Shepherd's claims occurred in Colorado, the convenience inquiry favors transfer to the District of Colorado.

### C. The interest of justice favors transfer to the District of Colorado.

The interest of justice inquiry focuses on the efficient administration of the court system, rather than the private considerations of the litigants. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1169 (N.D. Ill. 1995). When analyzing whether a transfer is in the interests of justice, courts look to factors that relate to the "efficient administration of the court system." *Jaramillo v. DineEquity, Inc.*, 664 F.Supp.2d 908, 915 (N.D. Ill. 2009). Such factors include docket congestion and likely speed to trial in the transferor and potential transferee forums. *Pryor v. United Air Lines, Inc.*, 12-CV-5840, 2013 WL 4506879, at *8 (N.D. Ill. Aug. 23, 2013). The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result. *Research Automation, Inc.*, 626 F.3d at 978.

As of December 31, 2012, there were 566 pending cases per judgeship in the Northern District of Illinois compared to 462 in the District of Colorado. (Ex. B to Dkt. No. 53.) The median time from filing to trial for a civil case in the Northern District of Illinois was 33.6 months as of December 31, 2012. (*Id.*) By comparison, the median time from filing to trial for a civil case in the District of Colorado was only 24.7 months as of December 31, 2012. (*Id.*) Consequently, it seems the parties will reach resolution faster in the District of Colorado. Further, Shepherd did not rebut defendants' argument that Colorado law may apply to Shepherd's state law claims because Shepherd entered his employment contract in Colorado. (*See* Dkt. No. 65 at 8-9; *see also*, *e.g.*, Dkt. No. 53 at 8.) But this Court need not determine which

state's law applies at this point because either district court is fully capable of resolving the legal issues presented by Shepherd's claims irrespective of which state's laws govern. In addition, given the parties ties to Colorado, it is presumably more desirable to resolve the controversy in Colorado. In view of these considerations, the interest of justice favors transfer to the District of Colorado.

## **CONCLUSION**

For the reasons stated herein, this Court denies the defendants' respective motions to dismiss for improper venue and grants their respective motions to transfer this case to the District of Colorado.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 28, 2013